IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN QUISPE CAYTUIRO** : | |
| : | |
| *Petitioner,* : | |
| : | |
| v. : | CIVIL NO. 25-7396 |
| : | |
| **JL JAMISON et al.** : | |
| : | |
| *Respondents.* : | |

**Scott, J.**                                                                                            **January 16, 2026**

## MEMORANDUM

Petitioner Kevin Quispe Caytuiro filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release, or alternatively, a bond hearing. ECF No. 1 [hereinafter Pet.]. Mr. Quispe Caytuiro alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), bond regulations, the Administrative Procedure Act, and his Due Process rights. Pet. ¶¶ 25-43.

Mr. Quispe Caytuiro is originally from Peru. Pet. ¶ 18. He entered the United States in 2022, at which time he was detained and subsequently released under parole. *Id*. ¶ 19-20. He settled in Pennsylvania and applied for asylum. *Id*. ¶ 21-22. During Mr. Quispe Caytuiro's ICE check-in on December 29, 2025, ICE detained him. *Id*. ¶ 24. ICE placed him in the Philadelphia Federal Detention Center. *Id*.

Mr. Quispe Caytuiro is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The central issue of this case is

summarized in the Government's brief: "The petition concerns whether an alien who is present in the United States without admission is properly subject to mandatory detention (i.e., detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)." ECF No. 4 at 1 [hereinafter Government's Resp.].

For the reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Mr. Quispe Caytuiro's detention violates the INA.[1] 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *see also Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *see also Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Mr. Quispe Caytuiro's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA. Moreover, ICE is enjoined from detaining Mr. Quispe Caytuiro under 8 U.S.C. § 1226(a) for seven days following his release.

---

[1] In addition, the Government argues that this Court lacks jurisdiction to address Mr. Quispe Caytuiro's claims. Government's Resp. at 6-10. The Court again adopts the reasoning in *Kashranov* and *Demirel* to reject the Government's jurisdiction argument.