**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN QUISPE CAYTUIRO,** | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | **CIVIL NO. 25-7396** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

<u>**MEMORANDUM**</u>

**Scott, J.**                                                                                          **July 9, 2026**

Pending before the Court is Petitioner Kevin Quispe Caytuiro's ("Petitioner") Motion for Attorney Fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF No. 11.  The Parties stipulated to an extension of time for Respondents to respond to the Motion, which the Court granted due to proceedings before the Third Circuit which the Parties averred would further clarify whether Respondents' position was "substantially justified" under the EAJA.  ECF No. 23.  Respondents were given until June 30, 2026, to oppose the Motion. No such opposition was filed.  Accordingly, because Respondents waived their opposition, the Court **GRANTS** Petitioner's Motion as discussed below.

## I.    BACKGROUND

Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release, or alternatively, a bond hearing.  ECF No. 1 [hereinafter Pet.].  Mr. Quispe Caytuiro alleged that his detention by United States Immigration and Customs Enforcement ("ICE") violated the Immigration and Nationality Act ("INA"), bond regulations, the Administrative Procedure Act, and his Due Process rights.  Pet. ¶¶ 25-43.  Mr. Quispe Caytuiro is originally from Peru.  Pet. ¶ 18.  He entered the United States in 2022, at which time he was detained and subsequently released under parole.  *Id.* ¶ 19-20.  He settled in Pennsylvania and

1

applied for asylum. *Id.* ¶ 21-22. During Mr. Quispe Caytuiro's ICE check-in on December 29, 2025, ICE detained him, eventually placing him in the Philadelphia Federal Detention Center. *Id.* ¶ 24.

Mr. Quispe Caytuiro was detained pursuant to 8 U.S.C. § 1225(b)(2), which states that for "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." This Court granted Mr. Quispe Caytuiro's Petition, finding that his detention violated the INA and ordering his immediate release. *See* ECF Nos. 8, 9. Mr. Quispe Caytuiro also moved for a temporary restraining order, which the Court denied as moot. ECF No. 9.

## II.    LEGAL STANDARD

The EAJA states, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The Third Circuit has held that a petition for a writ of habeas corpus is a civil action for purposes of the EAJA. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, Nos. 24-2990 and 24-3198, 2026 U.S. App. LEXIS 3264 (3d. Cir. 2026). For a civil action to be eligible for a fee award, (1) the claimant must be a prevailing party, (2) the Government's position must not have been substantially justified, (3) there must be no special circumstances that make awarding fees unjust, and (4) the fee application must be submitted to the court within 30 days of final judgment along with an itemized statement. *Comm'r v. Jean*, 496 U.S. 154, 158 (1990). The statute expressly

2

limits recoverable fees and expenses only to those which are reasonable, 28 U.S.C. § 2412(d)(2)(A), and trial courts maintain broad discretion in determining whether to award fees. *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 325-26 (3d Cir. 2010). Moreover, "the clearly stated objective of the EAJA is to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority" by making it possible for claimants to recoup litigation costs. *Ardestani v. INS*, 502 U.S. 129, 138 (1997).

The Third Circuit has instructed that, "in immigration cases, the Government must meet the substantially justified test twice: once for its underlying conduct and once for its decisions in the ensuing litigation about that conduct. We do not assume the position of the Government was not substantially justified simply because it lost." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 2026 U.S. App. LEXIS 3264, at *29 (cleaned up). The Government therefore bears the burden of proving its position was justified at those two levels. *Id.,* at *28 (citing *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)). To do so, and thus to defeat a claimant's petition for a fee award under the EAJA, the Government must demonstrate "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* at 29 (citing *Cruz*, 630 F.3d at 324).

## III.    DISCUSSION

As reflected in Respondents' lack of opposition, there is no dispute that Mr. Quispe Caytuiro is entitled to an award of attorneys' fees under the EAJA nor is there a dispute regarding whether the requested fees are reasonable or whether counsel's records are accurate. Ultimately, Respondents raise no specific objections for the Court to address, leaving the Court to consider

only the values of the fees requested by Petitioner.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. 424, 437 (1983). The district court, in its discretion, may reduce an award. *Id.* ("We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters."); *see also Comm'r INS v. Jean*, 496 U.S. at 161 ("once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley.").

Here, Petitioner is eligible for EAJA fees. Thus, the Court's only task is assessing the reasonableness of fees. In total, Petitioner seeks either $18,283.61 using the Laffey Matrix, or, in the alternative, $12,789.11 using the Fitzpatrick Matrix. ECF No. 11 at 11. These figures are inclusive of both attorney time, paralegal time, and other litigation costs. The Court finds that the categories of work are compensable under the EAJA, but the matrices on which Petitioner relies are inapplicable. Those matrices are used to determine the appropriate legal fees for movants in the Washington, D.C., area. *See Rastelli Partners, LLC v. Baker*, 23-2967; 23-3126, 2024 U.S. Dist. LEXIS 38965, at *22-23 (D.N.J. Mar. 5, 2024) ("That affidavit cites as evidence of reasonable market rates two matrices—the Laffey matrix and the Fitzpatrick matrix—that provide appropriate billing rates for attorneys in the Washington, DC, market. These matrices tell the Court nothing about the prevailing rate in the Philadelphia/New Jersey legal market, which is the relevant rate in this vicinage. . . . the matrices have seldom been cited favorably within the Third Circuit.") (citations omitted).

4

In Philadelphia, however, "the Community Legal Services (CLS) fee schedule is viewed as 'a fair reflection of the prevailing market rates.'" *Lab'y Charter Sch. v. MRS*, 21-5538, 2025 U.S. Dist. LEXIS 201303, at *4 (E.D. Pa. Oct. 9, 2025) (citing *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001)). Petitioner's counsel "possessed almost 18 years of experience practicing immigration law at the time of the filing of Petitioner's Habeas Corpus action." ECF No. 11-1 at 16. The CLS fee schedule sets the rate for attorneys with 16 to 20 years at $535 to $625 per hour. The Court assigns counsel the rate of $580 per hour because his years of experience fall in the middle of that range. The Petition does not, however, expressly state the years of experience attained by Ms. Susan Werley, counsel's paralegal. In the absence of that information, and considering counsel's calculation of Ms. Werley's rate under the Fitzpatrick Matrix at $200 per hour, the Court uses the CLS fee schedule rate for paralegals with 1-10 years of experience of $190 to $240 per hour to assign a rate of $200 per hour. *See id.* (calculating paralegal rate). Furthermore, counsel calculated other litigation costs (namely filing and mailing fees) to be $223.61 total. ECF No. 11-1 at 21. Accordingly, the Court's calculation is as follows:

> Attorney Fees: 16.50 hours x $580/hour = $9,570
>
> Paralegal Fees: 4.50 hours x $200/hour = $900
>
> Other Costs: $223.61
>
> **TOTAL: $10,693.61**

## IV.    CONCLUSION

The Court hereby **GRANTS** Petitioner's Motion for Attorney Fees under the EAJA, awarding **$10,693.61** for attorney fees, paralegal fees, and other litigation costs.

BY THE COURT:

HON. KAI N. SCOTT
United States District Court Judge